UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>v.<br><br>JESSIE HARDEN,<br><br>     Defendant. | Civil Action No.: _____ |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendant, alleges:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a), because Defendant resides in this District and the acts of infringement complained of herein originated in this District.

### PARTIES

4. Plaintiff Warner Bros. Entertainment Inc. ("Plaintiff") is one of the world's leading creators and distributors of motion pictures. Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted motion pictures. Defendant's infringements allow Defendant and others to unlawfully obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute. Each time Defendant unlawfully distributes a free copy of one of Plaintiff's copyrighted motion pictures to others over the Internet, each person

who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

5. Plaintiff is a Delaware corporation, with its principal place of business at 4000 Warner Boulevard, Burbank, California. Plaintiff is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendant.

6. Upon information and belief, Defendant, an individual, resides in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

7. Plaintiff is responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

8. At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including, but not limited to, *Constantine* (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. A true and correct copy of this Certificate of Copyright Registration is attached hereto as Exhibit A.

9. The Copyrighted Motion Picture contains a copyright notice advising the viewer that it is protected by the copyright laws.

10. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, on or about July 13, 2005, the Copyrighted Motion Picture. In doing so, Defendant has violated Plaintiff's

exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

11. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

12. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

13. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's exclusive rights under the Copyright Act of 1976 and ordering that Defendant destroy all copies of the Copyrighted Motion Picture made in violation of those rights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

> 1. For entry of preliminary and permanent injunctions providing Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of Plaintiff's Motion Pictures, to distribute any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto

any physical medium or device in Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff.

3. For Plaintiff's costs.

4. For Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: 2/16/06

*Christopher A. Mohr*

Stanley M. Brand (D.C. Bar No. 213082)
Ross A. Nabatoff (D.C. Bar No. 376665)
Andrew D. Herman (D.C. Bar No. 462334)
Brand Law Group
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel. (202) 662-9700
Fax (202) 737-7565

Christopher A. Mohr (D.C. Bar No. 458599)
Michael R. Klipper (D.C. Bar No. 166074)
MEYER, KLIPPER & MOHR, PLLC
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 637-0850
Fax: (202) 637-0851

Alexandra N. DeNeve (*pro hac vice* pending)
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154-0037
Telephone: (212) 407-4000
Facsimile:   (212) 407-4990

*Attorneys for Plaintiff*

4

**Exhibit A**

**JESSIE HARDEN**

| COPYRIGHT OWNER | MOVIE TITLE | REG# |
|---|---|---|
| Lonely Film Productions GmbH & Co KG | Constantine | PA 1-250-719 |

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*
Register of Copyrights, United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE
REGISTRATION NUMBER

**PA 1-250-719**



( PA )   PAU
EFFECTIVE DATE OF REGISTRATION

Month Feb  Day 16  Year 2005

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS WORK ▼
CONSTANTINE

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See instructions
MOTION PICTURE

**2 a** NAME OF AUTHOR ▼
Lonely Film Productions GmbH & Co KG

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
    Domiciled in ▶ Germany

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed ▼
ENTIRE WORK

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
    Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
    Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   This information must be given in all cases.
2005 ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ February   Day ▶ 8   Year ▶ 2005
Hong Kong & Korea ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Lonely Film Productions GmbH & Co KG
Bavariafilmplatz 7
D 82031 Geiselgasteig Germany

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
FEB 16 2005
ONE DEPOSIT RECEIVED
Feb 16, 2005 (6)35mm/L
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
                  • See detailed instructions.

DO NOT WRITE HERE

|  |  |
|---|---|
| EXAMINED BY GJ | FORM PA |
| CHECKED BY DDW | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**5 PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No   If your answer is Yes why is another registration being sought? (Check appropriate box)
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work as shown by space 6 on this application
If your answer is Yes give Previous Registration Number ▼     Year of Registration ▼

**6 DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation
a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼
Based on characters from the DC Comics/Vertigo Hellblazer Graphic Novels. Screenplay entitled Constantine by Kevin Brodbin. Courage the Cowardly Dog courtesy of Cartoon Network. Imagebank Film by Getty Images. Certain sound recordings.

b Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼
Motion picture including audio visual and other cinematographic material

**7 DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of
Name ▼                                                    Account Number ▼
Warner Bros Entertainment Inc                             DA013544

**CORRESPONDENCE** Give name and address to which correspondence about this application should be   Name/Address/Apt/City/State/ZIP ▼
Same as space 9

Fax Number  (818) 954 3855
Area Code & Telephone Number ▶ (818) 954 2505

**8 CERTIFICATION*** I the undersigned hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☒ owner of exclusive right(s)
☐ authorized agent of  Warner Bros Entertainment Inc
Name of author or other copyright claimant or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date.
CINDY O NEIL                                              date ▶ 02/14/2005

Handwritten signature (X) ▼
*Cindy O'Neil*

**9 MAIL CERTIFICATE TO**
Name ▼   Cindy O Neil
         Warner Bros Entertainment Inc
Number/Street/Apartment Number ▼
4000 Warner Blvd  Bldg 156 South  Suite 5330
City/State/ZIP ▼
Burbank California 91522 1565

Certificate will be mailed in window envelope

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARNER BROS. ENTERTAINMENT INC., a Delaware corporation,

        Plaintiff,

v.

JESSIE HARDEN,

        Defendant.

Civil Action No.: _____

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Local Rules of the United States District Court for the District of Columbia:

I, the undersigned, counsel of record for Plaintiff, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of Plaintiff which have any outstanding securities in the hands of the public.

WARNER BROS. ENTERTAINMENT INC. is ultimately and indirectly majority owned by Time Warner Inc., a publicly traded U.S. corporation.

These representations are made in order that judges of this court may determine the need for recusal.

Dated: 2/16/06

Respectfully submitted,

/s/ Christopher A. Mohr

Stanley M. Brand (D.C. Bar No. 213082)
Ross A. Nabatoff (D.C. Bar No. 376665)
Andrew D. Herman (D.C. Bar No. 462334)
Brand Law Group
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel. (202) 662-9700
Fax (202) 737-7565

Christopher A. Mohr (D.C. Bar No. 458599)
Michael R. Klipper (D.C. Bar No. 166074)
MEYER, KLIPPER & MOHR, PLLC
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 637-0850
Fax: (202) 637-0851

Alexandra N. DeNeve (*pro hac vice* pending)
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154-0037
Telephone: (212) 407-4000
Facsimile:  (212) 407-4990

*Attorneys for Plaintiff*

2