UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARNER BROS. ENTERTAINMENT INC., a
Delaware corporation,

                Plaintiff,

v.

JESSIE HARDEN,

                Defendant.

Civil Action No.:  1:06-cv-00287-ESH

## DECLARATION OF KAREN R. THORLAND IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

I, KAREN R. THORLAND, declare:

1.    I am an attorney at law licensed to practice before the Courts of the State of California.  I am a partner with the law firm of Loeb & Loeb LLP, attorneys for Plaintiff. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.    Plaintiff is among the world's leading motion picture studios.

3.    To combat infringement of its copyrighted motion pictures on peer-to-peer ("P2P") networks, Plaintiff retained MediaSentry, a company that provides online anti-piracy and copyright protection services, to identify direct infringers of Plaintiff's copyrights on P2P networks.  (See Declaration of Elizabeth Hardwick ("Hardwick Decl.").)

### Identification of Defendant

4.    Under the direct supervision of Loeb & Loeb LLP, MediaSentry effected searches of several P2P networks for infringing copies of Plaintiff's copyrighted motion pictures. When MediaSentry located a user offering Plaintiff's copyrighted works for download, it sought

to download those files while it obtained information to confirm the infringement and identify the infringer. (See Hardwick Decl.) These downloaded files and the logs that evidence that the files were distributed by Defendant were subsequently reviewed by Loeb & Loeb LLP to confirm that the files Defendant distributed were in fact copies of substantial portions of a motion picture, the rights to which are owned by Plaintiff.

      5.     Because Defendant used a fictitious network name or pseudonym to copy and distribute Plaintiff's copyrighted work, Plaintiff was initially only able to identify Defendant by the unique Internet Protocol ("IP") address assigned to him by his Internet Service Provider ("ISP"), Verizon Internet Services, Inc. ("Verizon"), on the date and at the time of the infringement. (See Hardwick Decl.) Based on this information, Plaintiff filed a John Doe lawsuit against Defendant and others in the District of District of Columbia, the jurisdiction in which Verizon is located.

      6.     ISPs keep track of the IP addresses assigned to their subscribers in "user logs." (Id.) These user logs provide the most accurate means to connect an infringer's identity to its infringing activity. (Id.) Accordingly, in this John Doe lawsuit, Plaintiff filed a motion for leave to serve a subpoena on Verizon. seeking Defendant's true identity. This motion was granted, and, on October 13, 2005, Plaintiff served a subpoena on Verizon. A true and correct copy of this subpoena is attached hereto as Exhibit "1."

      7.     In its response to this subpoena, dated November 18, 2005, Verizon identified Defendant as the individual using the IP address obtained by MediaSentry at the time of infringement. A true and correct redacted copy of this subpoena response is attached hereto as Exhibit "2."

8.    Plaintiff dismissed the John Doe suit as against this Defendant without prejudice, and sought to negotiate an out-of-court settlement with Defendant. Defendant has refused to settle this dispute, leaving Plaintiff no choice but to file the instant action.

### The Instant Action

9.    On February 16, 2006, Plaintiff filed the Complaint, a true and correct copy of which is attached hereto as Exhibit "3."

10.    Plaintiff served Defendant with a copy of the Summons and Complaint on February 25, 2006, and Defendant's response was due twenty days thereafter.

11.    Defendant failed to respond within the statutory period. On March 20, 2006, Plaintiff sent Defendant a letter advising him that he was in default and if he failed to answer the lawsuit that a default judgment would be enforced against him. No response was received and no answer was served. On April 11, 2007, the Clerk of the Court entered default against Defendant. Attached hereto as Exhibit "4" is a copy of the Default By Clerk.

12.    Defendant has not appeared in this action.

13.    I have no reason to believe that Defendant is an infant or incompetent person.

14.    I have no reason to believe that Defendant is in the military service.

15.    No part of the judgment sought in this motion has been paid.

### Attorneys' Fees And Costs

16.    In this case, Plaintiff has incurred attorneys' fees in the amount of $4,283.43 (which amount reflects a 15% discount on the attorneys' fees of Loeb & Loeb LLP for the purposes of this action only) and litigation costs in this case in the amount of $439.78, for a total of $4,723.21, in attorneys' fees and costs. As demonstrated by the billing statements

attached hereto as Exhibit "5," the time expended and costs incurred in prosecuting this action were reasonable.  Moreover, upon information and belief, the rates requested are commensurate with those generally charged for similar work in this district.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, at Los Angeles, California.


_____
Karen R. Thorland

# Exhibit 1

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF DISTRICT OF COLUMBIA

WARNER BROS.; COLUMBIA PICTURES; TWENTIETH
CENTURY FOX; NEW LINE PRODUCTIONS; PARAMOUNT
PICTURES; DISNEY ENTERPRISES; and SONY PICTURES HOME
ENTERTAINMENT

**SUBPOENA IN A CIVIL CASE**

vs.

DOES 1 - 17

To:  Verizon Internet Services, Inc.             Case No. **1:05-cv-1910**
     c/o Patrick M. Flaherty
     Designated Agent for DMCA Notices
     Verizon Corporate Services Corp.
     1515 North Courthouse Road, Suite 500
     Arlington, VA 22201

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
    below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the
above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects): **Information, including name, address, telephone number, e-mail
address, and Media Access Control addresses, sufficient to identify the alleged infringers of copyrighted motion pictures, listed by
IP address in Attachment A to this Subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| Meyer, Klipper & Mohr, PLLC |  |
| 923 Fifteenth Steret, N.W. |  |
| Washington, DC 20005 |  |
| Phone: (202)637-0850 |  |

☐    YOU ARE COMMANDED to permit inspection of the following remises at the date and time specified below.

| PREMISES | DATE AND TIME<br>November 18, 2005 at 9:00 AM |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for
each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant) *Christopher A. Mohr* Attorneys for Plaintiffs | DATE *Oct 13, 2005* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**CHRISTOPHER A. MOHR**
Meyer, Klipper & Mohr, PLLC
923 Fifteenth Steret, N.W.
Washington, DC 20005
Phone: (202)637-0850

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## ATTACHMENT A

68.236.16.47 2005-07-23 01:53:45 EDT

151.203.70.210 2005-08-08 07:33:25 EDT

141.151.95.55 2005-07-22 16:17:11 EDT

138.88.220.59 2005-07-13 16:10:08 EDT

141.150.35.21 2005-07-23 02:48:43 EDT

141.152.139.84 2005-08-02 22:15:37 EDT

141.154.80.243 2005-08-06 09:12:22 EDT

141.155.119.231 2005-07-24 06:43:38 EDT

141.155.152.220 2005-07-27 20:20:39 EDT

141.157.182.168 2005-08-05 09:58:13 EDT

141.157.99.165 2005-07-10 10:13:18 EDT

151.197.34.32 2005-08-07 07:22:26 EDT

151.203.112.193 2005-07-19 06:07:17 EDT

151.204.158.248 2005-07-30 08:06:13 EDT

151.204.242.107 2005-07-11 21:16:17 EDT

68.160.145.116 2005-08-16 05:29:00 EDT

68.236.59.92 2005-07-26 03:04:37 EDT

# PROOF OF SERVICE

| SERVED | Date | Place |
|---|---|---|
| Subpoena In A Civil Case | October 13, 2005 | 1515 North Courthouse Road, Suite 500, Arlington, VA 22201 |

| served on (Print Name) | Manner of Service |
|---|---|
| Patrick M. Flaherty – Designated Agent for DMCA Notices, Verizon Corporate Services Corp. | Via Facsimile and overnight mail |

| served by (Print Name) | Title |
|---|---|
| Vicki Henderson | Legal Assistant |

# DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___10/13/05___
Date

Signature of Server _Vicki Henderson_

Address of Server _10100 Santa Monica Blvd._
_Ste. 2200_
_Los Angeles, CA 90067_

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure or privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit 2

Patrick M. Flaherty
Designated Agent for DMCA Notices
Verizon Corporate Services Corp.

**verizon**

1515 North Court House Road
Suite 500
Arlington, Virginia 22201

Phone 703 351-3845
Fax 703 351-3669
patrick.m.flaherty@verizon.com

November 18, 2005

**VIA EMAIL (kthorland@loeb.com)**
**AND FEDEX**

Ms. Karen R. Thorland
Loeb & Loeb LLP
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, California 90067-4164

**Re: Responses to Subpoena Issued in Docket No. 05-cv-1910**

Dear Ms. Thorland:

Enclosed are Verizon Internet Services Inc.'s ("Verizon") responses for seventeen (17) IP addresses as requested by the above-referenced subpoena (see Exhibit A).

Please do not hesitate to contact me about any of these matters at the number listed above.

Very truly yours,

*Patrick M. Flaherty*

Patrick M. Flaherty

Enclosure

# Exhibit
# A

# *CONFIDENTIAL PURSUANT TO CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT*

## CIVIL SUBPOENA RESPONSE

November 18, 2005

Karen R. Thorland
Loeb & Loeb LLP
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067-4164

RE: Subpoena in Docket No. 05-1910

To Whom It May Concern:

In response to a subpoena issued in Docket No. 05-1910:

IP Address:  138.88.220.59  Date & Time:    2005-07-13 16:10:08 EDT

Jessie Harden
2845 DENVER ST SE, APT T4
WASHINGTON, DC 20020
Telephone No:  (202)584-0139

Objection:  All customer information contained in this response is CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION of the Verizon affiliate providing this response.  Verizon Internet Services Inc. and/or the particular Verizon affiliate providing this response ("Verizon") objects pursuant to Federal Rules of Civil Procedure 45(c)(3) and 26(c)(7) to any use or disclosure of this information to the extent such use or disclosure violates the Confidentiality and Non-Disclosure Agreement (the "Agreement") entered into by Verizon and the Motion Picture Association of America, for itself and on behalf of its members.  Pursuant to the Agreement certain protections apply to the handling, use, and return of this commercially and competitively sensitive information and this response is made in reliance upon, and is specifically subject to, that Agreement.

# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARNER BROS. ENTERTAINMENT INC.,
a Delaware corporation,

                    Plaintiff,

v.                                                Civil Action No.: _____

JESSIE HARDEN,

                    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendant, alleges:

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright
infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.     This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331
(federal question); and 28 U.S.C. § 1338(a) (copyright).

3.     This Court has personal jurisdiction over Defendant, and venue in this District is
proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a), because Defendant resides in this
District and the acts of infringement complained of herein originated in this District.

### PARTIES

4.     Plaintiff Warner Bros. Entertainment Inc. ("Plaintiff") is one of the world's
leading creators and distributors of motion pictures. Plaintiff brings this action to stop Defendant
from copying and distributing to others over the Internet unauthorized copies of Plaintiff's
copyrighted motion pictures. Defendant's infringements allow Defendant and others to
unlawfully obtain and distribute for free unauthorized copyrighted works that Plaintiff spends
millions of dollars to create and/or distribute. Each time Defendant unlawfully distributes a free
copy of one of Plaintiff's copyrighted motion pictures to others over the Internet, each person

who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

5.     Plaintiff is a Delaware corporation, with its principal place of business at 4000 Warner Boulevard, Burbank, California. Plaintiff is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendant.

6.     Upon information and belief, Defendant, an individual, resides in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

7.     Plaintiff is responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

8.     At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including, but not limited to, *Constantine* (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. A true and correct copy of this Certificate of Copyright Registration is attached hereto as Exhibit A.

9.     The Copyrighted Motion Picture contains a copyright notice advising the viewer that it is protected by the copyright laws.

10.     Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, on or about July 13, 2005, the Copyrighted Motion Picture. In doing so, Defendant has violated Plaintiff's

2

exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

11.    The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

12.    As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

13.    Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's exclusive rights under the Copyright Act of 1976 and ordering that Defendant destroy all copies of the Copyrighted Motion Picture made in violation of those rights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For entry of preliminary and permanent injunctions providing Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of Plaintiff's Motion Pictures, to distribute any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto

3

any physical medium or device in Defendant's possession,

custody, or control.

2.      For actual damages or statutory damages pursuant to 17

U.S.C. § 504, at the election of Plaintiff.

3.      For Plaintiff's costs.

4.      For Plaintiff's reasonable attorneys' fees.

5.      For such other and further relief as the Court deems proper.


                                Respectfully submitted,


Dated: _2 / 16 /06_____        _Christopher A. Mohr_____
                                Stanley M. Brand (D.C. Bar No. 213082)
                                Ross A. Nabatoff (D.C. Bar No. 376665)
                                Andrew D. Herman (D.C. Bar No. 462334)
                                Brand Law Group
                                923 Fifteenth Street, N.W.
                                Washington, DC 20005
                                Tel. (202) 662-9700
                                Fax (202) 737-7565

                                Christopher A. Mohr (D.C. Bar No. 458599)
                                Michael R. Klipper (D.C. Bar No. 166074)
                                MEYER, KLIPPER & MOHR, PLLC
                                923 Fifteenth Street, N.W.
                                Washington, DC 20005
                                Tel.: (202) 637-0850
                                Fax: (202) 637-0851

                                Alexandra N. DeNeve (*pro hac vice* pending)
                                Loeb & Loeb LLP
                                345 Park Avenue
                                New York, New York 10154-0037
                                Telephone:  (212) 407-4000
                                Facsimile:   (212) 407-4990

                                *Attorneys for Plaintiff*


                                        4

**Exhibit A**

**JESSIE HARDEN**

| COPYRIGHT OWNER | MOVIE TITLE | REG# |
|---|---|---|
| Lonely Film Productions GmbH & Co KG | Constantine | PA 1-250-719 |

# EXHIBIT A

Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE
REGISTRATION NUMBER

**PA 1-250-719**

( PA )        PAU
EFFECTIVE DATE OF REGISTRATION

Month Feb  Day 16  Year 2005

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**1**  TITLE OF THIS WORK ▼
CONSTANTINE

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See instructions

MOTION PICTURE

---

**2**  **a**  NAME OF AUTHOR ▼
Lonely Film Productions GmbH & Co  KG

DATES OF BIRTH AND DEATH
Year Born ▼  Year Died ▼

Was this contribution to the work a work made for hire?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ Germany

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☐ No  If the answer to either of these questions is "Yes," see detailed instructions
Pseudonymous?  ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed ▼
ENTIRE WORK

**NOTE**
Under the law the "author" of a "work made for hire" is generally the employer not the employee (see instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**b**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼  Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☐ No  If the answer to either of these questions is "Yes," see detailed instructions
Pseudonymous?  ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed ▼

**c**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼  Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☐ No  If the answer to either of these questions is "Yes," see detailed instructions
Pseudonymous?  ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed ▼

---

**3**  **a**  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases
2005  ◀ Year

**b**  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ February  Day ▶ 8  Year ▶ 2005
Hong Kong & Korea  ◀ Nation

---

**4**  COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Lonely Film Productions GmbH & Co  KG
Bavariafilmplatz 7
D 82031 Geiselgasteig Germany

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
FEB 16 2005
ONE DEPOSIT RECEIVED
Feb 16, 2005 (6)35mm/L
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions

DO NOT WRITE HERE

| EXAMINED BY    GJ | | FORM PA |
|---|---|---|
| CHECKED BY    DDW | | |
| ☐ CORRESPONDENCE<br>   Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE!  IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

---

PREVIOUS REGISTRATION  Has registration for this work or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is  Yes  why is another registration being sought? (Check appropriate box)

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work as shown by space 6 on this application

If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**5**

---

DERIVATIVE WORK OR COMPILATION  Complete both space 6a & 6b for a derivative work  complete only 6b for a compilation

a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporate ▼

**Based on characters from the DC Comics/Vertigo Hellblazer Graphic Novels  Screenplay entitled  Constantine  by Kevin Brodbin   Courage the Cowardly Dog  courtesy of Cartoon Network    Imagebank Film by Getty Images  Certain sound recordings**

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**Motion picture  including audio  visual and other cinematographic material**

**6**

See instructions
before completing
this space

---

DEPOSIT ACCOUNT  If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of

Name ▼                                                          Account Number ▼

**Warner Bros  Entertainment Inc**                          **DA013544**

CORRESPONDENCE  Give name and address to which correspondence about this application should be    Name/Address/Apt/City/State/ZIP ▼

**Same as space 9**

Fax Number   **(818) 954 3855**

Area Code & Telephone Number ▶ **(818) 954 2505**

**7**

Be sure to
give your
daytime phone
number

---

CERTIFICATION*  I  the undersigned  hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☒ owner of exclusive right(s)

☐ authorized agent of  **Warner Bros  Entertainment Inc**

Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements

made by me in this application are correct to the best of my

**8**

Typed or printed name and date ▼  If this application gives a date of publication in space 3  do not sign and submit it before that

**CINDY O NEIL**                                date ▶  **02/14/2005**

Handwritten signature (X) ▼

*Cindy O'Neil*

---

| MAIL<br>CERTIFI<br>CATE TO | Name ▼  Cindy O Neil<br>Warner Bros  Entertainment Inc | |
|---|---|---|
| Certificate<br>will be<br>mailed in<br>window<br>envelope | Number/Street/Apartment Number ▼<br>4000 Warner Blvd  Bldg  156 South  Suite 5330 | |
| | City/State/ZIP ▼<br>Burbank  California  91522 1585 | |

Complete all necessary spaces
Sign your application in space 8

1  Application form
2  Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3  Deposit material

Register of Copyrights
Library of Congress
Washington DC  20559

The Copyright Office has
the authority to adjust fees
at 5 yr  intervals  based
on changes in the
Consumer Price Index  The
next adjustment is due in
1998  Please consult the
Copyright Office after July
1995  1   and   the
Register of Copyrights

**9**

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in

# Exhibit 4

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WARNER BROS. ENTERTAINMENT, INC.
_____

      Plaintiff(s)

      v.

Civil Action No.  06-287 (GK)

JESSIE HARDEN
_____

      Defendant(s)

RE:  JESSIE HARDEN

### DEFAULT

It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served  with summons and copy of the complaint     on     February 25, 2006     , and an affidavit on behalf of the plaintiff having been filed, it is this 11th  day of ____April____, 2007 declared that  defendant(s) is/are in default.

NANCY MAYER-WHITTINGTON, Clerk

By: _____

                                 Deputy Clerk

# Exhibit 5

| Date | Name | Description of Services | Task | Rate | Hours | Time Value | Index | Action |
|------|------|------------------------|------|------|-------|-----------|-------|--------|
| 02/14/06 | N SHAH | PREPARED INDIVIDUAL LAWSUIT PAPERS, INCLUDING PRO HAC VICE (1.0). | | 131.00 | 1.00 | 131.00 | 4569584 | H BNP BNC T_ |
| 02/14/06 | F VON HEYMAN | MANUALLY CREATED D.DC CIVIL COVER SHEET. | | 131.00 | 1.80 | 235.80 | 4571976 | H BNP BNC T_ |
| 03/20/06 | A MUNOZ | DRAFTED, COPIED, PDF'D, LINKED AND MAILED DEFAULT WARNING LETTER (.5 | | 131.00 | .50 | 65.50 | 4633402 | H BNP BNC T_ |
| 04/05/06 | C FOSTER | REVIEW AND REVISE REQUEST FOR ENTRY OF DEFAULT | | 300.00 | .30 | 90.00 | 4662103 | H BNP BNC T_ |
| 04/10/06 | C FOSTER | REVIEW AND REVISE REQUEST FOR ENTRY OF DEFAULT | | 300.00 | .50 | 150.00 | 4662104 | H BNP BNC T_ |
| 04/12/06 | A MUNOZ | EMAILED LOCAL COUNSEL WORD VERSION OF REQUEST TO ENTER DEFAULT | | 131.00 | .20 | 26.20 | 4649812 | H BNP BNC T_ |
| 04/17/06 | A MUNOZ | DRAFTED REQUEST TO ENTER DEFAULT, DENEVE DECLARATION AND DEFAULT BY CLERK (1.5) | | 131.00 | 1.50 | 196.50 | 4669719 | H BNP BNC T_ |
| 04/28/06 | W A EDMISTON | ENGAGED RE INTERNAL EMAILS, EMAILS TO LOCAL COUNSEL RE | | 300.00 | .90 | 270.00 | 4672163 | H BNP BNC T_ |
| 05/11/06 | A MUNOZ | DRAFTED APPLICATION FOR ENTRY OF DEFAULT JUDGMENT, MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT, DENEVE, NGUYEN & CARPENETER DECLARATIONS AND PROPOSED DEFAULT JUDGMENT AND PERMANENT INJUNCTION (3.5) ASSEMBLED EXHIBITS (0.5) | | 131.00 | 4.00 | 524.00 | 4699551 | H BNP BNC T_ |
| 08/24/06 | A MUNOZ | REVISED DEFAULT APPLICATION PACKET (.5) EMAILED LOCAL COUNSEL REGARDING (.1) | | 131.00 | .60 | 78.60 | 4851831 | H BNP BNC T_ |
| 10/30/06 | W A EDMISTON | ENGAGED RE DEFAULT PROVE UP ISSUES. | | 300.00 | .20 | 60.00 | 4937328 | H BNP BNC T_ |
| 12/18/06 | L CHEN | CONFERRED WITH LOCAL COUNSEL RE: (.2); DRAFTED AND CREATED FORM FOR MILITARY AFFIDAVIT FOR HARDEN MATTER (.5); DRAFTED AND ADDED CHANGES AND SENT TO LOCAL COUNSEL REQUEST TO ENTER DEFAULT FOR THE HARDEN MATTER (1.3) | | 131.00 | 2.00 | 262.00 | 5018034 | H BNP BNC T_ |
| 12/19/06 | L CHEN | CONFERRED WITH LOCAL COUNCIL RE | | 131.00 | .20 | 26.20 | 5035161 | H BNP BNC T_ |

DATE: 01/11/07 10:17:40 RECAP PRO FORMA FOR WORK DATES 010101 TO 011107 FOR FILE (205687-10283) 205687-10283          Page 3 (3)

(.2)

| | Matter Total | | 13.70 | 2,115.80 | | |
| | | | | | | |

| Date | Disbursements | Amount | Disb | Ck # | Amount | Action | Index |
|------|---------------|--------|------|------|--------|--------|-------|
| 04/07/06 | AIR COURIER – Payee:FEDEX CORPORATION/CC-0904-1382-1 – TO: JOSSIE HARDON/WASHINGTON, DC 3/20 | 15.08 | 110 | 150735 | 15.08 | H T BNP BNC | 2830719 |
| 04/10/06 | TELEPHONE CHARGES | .01 | 660 | | .01 | H T BNP BNC | 2833993 |
| 04/10/06 | TELEPHONE CHARGES | .02 | 660 | | .02 | H T BNP BNC | 2833994 |
| 05/08/06 | AIR EXPRESS – Payee: FEDEX CORPORATION/NY-0100-3020-0 FEDEX SENT Fr A DENEVE To C AMDHR – 4/11/06 | 12.82 | 113 | 4466 | 12.82 | H T BNP BNC | 2847102 |

| | Total Disbursements | | 27.93 | |

Harden Billing

Professional Services

| 2/10/06 | CM | E-mail to A. Edmiston re                          ; review rules on SO process of individuals in both DC and federal rules; draft e-mail to A. Edmiston          confer w/Brand Law Group; review documents for R.11; review R.26 discovery motion for Disney and prepare to file; Voice mail to A. Edmiston | 1.40 | $420.00 |
|---|---|---|---|---|
| 2/15/2006 | CM | Review Harden documents; e-mail w/A. Edmiston | .50 | $150.00 |
| 2/16/06 | CM | Review filing; review local rules; arrange service of process; e-mail to L&L re | .30 | $ 90.00 |
| 3/9/06 | CM | Review proof of service in Harden | .10 | $ 30.00 |
| 3/14/06 | CM | Meeting w/R. Nabatoff; review notice of dismissal; telephone call to A. Edmiston; telephone call to Judge's chambers; review change of address form and File same; revise notice of dismissal | .70 | $210.00 |
|  | DL | Research and draft Warner Bros address change for Harden case | .80 | $80.00 |
| 3/17/06 | DL | Status check on pending cases; telephone call to C. Dich at D.C. Court about errors in Motion to Dismiss In Paramount case; draft amended Motion to Dismiss | .50 | $50.00 |
| 4/11/06 | CM | Review Harden notice of default judgment; review complaint, 26(a) motion; local rules; give instructions to paralegal and prepare for filing; review filing before going to printer for scanning | 1.75 | $525.00 |
| 4/12/06 | CM | Review filing upon return from printer; e-mail to A. Edmiston | .40 | $120.00 |
| 4/17/06 | CM | Review e-mails, etc. re                          review rules re same; review motion to quash reply and attached affidavit; draft e-mail to A. Deneue | 1.20 | $360.00 |
| 4/27/06 | CM | Telephone call w/Chambers re | .20 | $60.00 |
| 4/28/06 | CM | E-mails re                          A. Deneue, A. Edmiston | .30 | $90.00 |

| 6/27/06 | CM | Reply to e-mail re | | .10 | $30.00 |
|---------|----|--------------------|--|-----|--------|
| 8/28/06 | CM | Review date for Harden | | .30 | $90.00 |
| 9/29/06 | CM | Telephone call w/L&L re          , e-mail to RRJ re | | .10 | $30.00 |

Other Charges

| 2/27/06 | | Service of Process | | | $70.00 |
|---------|--|--------------------|--|--|--------|

Brand Law Group Charges:

| 2/16/06 | RAN | Review filing; file copies with District Court | $150.00 |
|---------|-----|-----------------------------------------------|---------|
| 2/16/06 | | Courier Charges | $ 91.85 |
| 2/16/06 | | Filing Fee | $250.00 |

SUBTOTALS:

| Professional Fees: | $2,485.00 |
|--------------------|-----------|
| Expenses | $  411.85 |
| TOTAL: | $**2,896.85** |