UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARNER BROS. ENTERTAINMENT INC., a
Delaware corporation,

                         Plaintiff,

v.

JESSIE HARDEN,

                     Defendant.

Civil Action No.: 1:06-cv-00287-ESH

## APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

Plaintiff, through its undersigned counsel, hereby applies for entry of default judgment

against JESSIE HARDEN ("Defendant"), pursuant to Rule 55 of the Federal Rules of Civil

Procedure, and the Local Rules of this Court. This application for entry of default

("Application") is based on the memorandum of law in support hereof, the attached declarations

of Karen R. Thorland, Elizabeth Hardwick and Lauren Nguyen, the pleadings and files in this

action, and such additional argument and evidence as may be presented at or before any hearing

on this Application.

In support of this Application, Plaintiff represents as follows:

      1.      Defendant was served with a copy of the Summons and Complaint on February

25, 2006.

      2.      Because Defendant failed to plead or otherwise defend within the statutory period,

on March 20, 2006, Plaintiff sent Defendant a letter warning him that if he did not answer the

lawsuit that he would be held in default. No response was received to this letter, and no answer

was served or filed.

      3.      Defendant has not appeared in this action.

4.    Plaintiff has no reason to believe that Defendant is an infant or incompetent person, or in active military service.

5.    Defendant, by this default, has conceded the truth of the allegations alleged in the Complaint.  As alleged in the Complaint, Defendant, without authorization, used an online media distribution system to upload at least one of Plaintiff's copyrighted works and distribute that copyrighted work to the public, including by making it available for distribution to others.  These facts, among others, establish Defendant's liability for copyright infringement.

WHEREFORE, Plaintiff applies to this Court for an Order granting Plaintiff statutory damages in the total amount of $6,000, a permanent injunction enjoining Defendant from further infringing Plaintiff's copyrights, and attorneys' fees and costs in the amount of $4,723.21.

Respectfully submitted,

Dated: __8/29/07_____          __/s/_____
                                    Christopher A. Mohr (D.C. Bar No. 458599)
                                    Michael R. Klipper (D.C. Bar No. 166074)
                                    MEYER, KLIPPER & MOHR, PLLC
                                    923 Fifteenth Street, N.W.
                                    Washington, DC 20005
                                    Tel.: (202) 637-0850
                                    Fax: (202) 637-0851

                                    *Attorney for Plaintiff*

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARNER BROS. ENTERTAINMENT INC., a
Delaware corporation,

                    Plaintiff,

v.

JESSIE HARDEN,

                    Defendant.

Civil Action No.:  1:06-cv-00287-ESH

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

**I.    INTRODUCTION**

On February 16, 2006, Plaintiff filed this action to stop JESSIE HARDEN ("Defendant") from copying and distributing to others over the Internet unauthorized copies of one of Plaintiff's copyrighted motion pictures and for damages in connection with Defendant's past infringements of this motion picture.  (Declaration of Karen R. Thorland, ("Thorland Decl."), ¶ 9.)  Plaintiff served Defendant with a copy of the Summons and Complaint on February 25, 2006, and Defendant's response was due twenty days thereafter.  (Id., ¶ 10.)  Defendant failed to respond. (Id., ¶ 11.)  On March 20, 2006, Plaintiff sent a letter advising him that he was in default and warning him that if he failed to answer the lawsuit that a default judgment would be enforced against him.  (Id.)  No response was received to this letter.  (Id.)  On April 11, 2007, the Clerk of the Court entered default against Defendant.  (Id.)

The Complaint alleges facts sufficient to establish Defendant's liability for willful copyright infringement.  Specifically, the Complaint alleges that (1) the Plaintiff owns the applicable exclusive distribution right to the copyrighted motion picture; (2) the motion picture is

the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights; (3) Defendant infringed the exclusive rights of Plaintiff by distributing to others without authorization copies of the copyrighted motion picture by means of a peer-to-peer network on the Internet; and (4) Defendant's infringement was willful (as that term is defined in the U.S. Copyright Act) because Defendant either was aware or had reason to be aware that his actions constituted an infringement of Plaintiff's rights. (See Complaint.) By this default, Defendant has conceded the truth of the allegations alleged in the Complaint. See, e.g., Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002); Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Further, each element of Plaintiff's Copyright infringement claim is established in the declarations of Karen R. Thorland, Lauren Nguyen and Elizabeth Hardwick attached hereto. Based on the demonstrated and conceded willful infringement of Plaintiff's copyrighted motion picture, Plaintiff now requests statutory damages in the total amount of $6,000, a permanent injunction enjoining Defendant from infringing Plaintiff's copyrights, both currently existing and later granted, and attorneys' fees and costs in the amount of $4,723.21.

## II.  ARGUMENT

### A.  Plaintiff Is Entitled To Statutory Damages In The Total Amount Of $6,000.

A plaintiff may elect to recover statutory damages instead of actual damages or the infringer's profits. 17 U.S.C. section 504(c) provides:

> [a] copyright owner may elect, at any time before final judgment is
> rendered, to recover, instead of actual damages and profits, an
> award of statutory damages for all infringements involved in the
> action, with respect to any one work . . . in a sum of not less than
> $750 or more than $30,000 as the court considers just.

(emphasis added). However, section 504(c) further provides that where an infringement is committed <u>willfully</u>, a court has discretion to increase the award of statutory damages to $150,000 per infringement. 17 U.S.C. § 504(c)(2).

"Statutory damages are not meant to be merely compensatory or restitutionary." <u>Yuman Design, Inc. v. PAJ, Inc.</u>, 262 F.3d 101, 113-14 (2d Cir. 2001). An award of statutory damages serves two purposes: It compensates the plaintiff for the infringement of its copyrights, and it punishes the defendant for his or her unlawful conduct. <u>Los Angeles News Service v. Reuters Television Int'l, Ltd.</u>, 149 F.3d 987, 996 (9th Cir. 1998). Accordingly, courts routinely grant statutory damage awards in amounts greater than the statutory minimum as part of default judgments in copyright infringement cases. <u>See, e.g., Ortiz-Gonzalez</u>, 277 F.3d at 63-64 (award of greater than minimum statutory damages as part of default judgment); <u>Getaped.com, Inc. v Cangemi</u>, 188 F. Supp. 2d 398, 400-402 (S.D.N.Y. 2002) (on default judgment, awarding $30,000 statutory damages for single infringement); <u>Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.</u>, 725 F.2d 1, 2-3 (1st Cir. 1983) (award of greater than minimum statutory damages as part of default judgment). Plaintiff has established that Defendant downloaded and distributed, with willful disregard for and indifference to Plaintiff's rights, at least one of Plaintiff's copyright motion pictures, and thus could request under the Copyright Act statutory damages of up to $150,000.

In this case, however, Plaintiff seeks to recover a total of only $6,000 in statutory damages. Rather than just arbitrarily seeking the maximum amount of statutory damages per infringement, Plaintiff is requesting what it believes to be the amount that is reasonable and justified under the circumstances of this case, and the costs incurred by Plaintiff in seeking to protect its exclusive rights under copyright law. <u>See Peer Int'l Corp. v. Pausa Records, Inc.</u>, 909

3

F.2d 1332, 1336 (9th Cir. 1990) (noting that in measuring damages, a court should be guided by what is just in the particular case, considering the nature of the copyright and the circumstances of the infringement). Plaintiff believes that statutory damages in an amount somewhat greater than the minimum permitted per infringement, in the total amount of $6,000, are justified, and courts that have considered similar cases have agreed[1], for the following reasons:

> 1. **Defendant's Actions Were Willful: Defendant Distributed At Least One Motion Picture That Defendant Knew Or Should Have Known Was A Pirated Copy Because It Had Not Yet Been Released On DVD/ Home Video.**

There can be no question that Defendant's actions were willful, as that term is understood in the U.S. Copyright Law. The motion picture that Defendant downloaded, and offered for others to download, *Constantine*, was either still in motion picture theaters and/or had not been released on DVD/ home video at the time of Defendant's infringement. (Declaration of Lauren Nguyen ("Nguyen Decl."), ¶ 5.) Because physical or digital copies of a motion picture are not distributed to the general public until the DVD/ home video release date (and this fact is widely

---

[1]    See Columbia Pictures Industries, Inc. v. Atkins, Case No. 3:05-cv-05045-SW-RED (W.D. MO) (Dorr, R.); Paramount Pictures Corporation v. Swanson, Case No. 1:05-cv-06629 (N.D. IL) (Guzman, Ronald); Paramount Pictures Corporation v. Hoggard, Case No. 04-CV-491-REC-LJO (E.D. CA) (Coyle, Robert E.); Disney Enterprises, Inc. v. Antunes, Case No. 3:05-CV-30250-MAP (D. MA) (Ponsor, Michael A.); Disney Enterprises, Inc. v. Saleem, Case No. 8:05-CV-03352-PJM (D. MD) (Messitte, Peter J.); Disney Enterprises, Inc. v. Casena, Case No. 3:06-CV-28-MU (W.D. NC) (Mullen, Graham C.); Columbia Pictures Industries, Inc. v. Whitting, Case No. SA-06-CA-0133-XR (W.D. TX) (Rodriguez, Xavier); Paramount Pictures Corporation v. Burnside, Case No. 3:06-cv-50055 (N.D. IL) (Reinhard, Phillip G.); Sony Pictures Home Entertainment Inc. v. Faison, Case No. 05-CV-9526-RCC (S.D. NY) (Casey, Richard C.); Warner Bros. Entertainment Inc. v. Lee, Case No. 1:06-CV-01563 (N.D. IL) (Kendall, Virginia M.); Twentieth Century Fox Film Corporation v. Davenport, Case No. 4:06-CV-00740 (S.D. TX) (Atlas, Nancy F.); Warner Bros. Entertainment Inc. v. Cuellar, Case No. 06-CV-130 (W.D. TX) (Furgeson, Royal W., Jr.); Twentieth Century Fox Film Corporation v. Briseno, Case No. 5:06-CV-00134-FB (W.D. TX) (Biery, Fred); Warner Bros. Entertainment Inc. v. Castano, Case No. H-05-3602 (S.D. TX) (Gilmore Vanessa, D.); Columbia Pictures Film Production Asia Limited v. Chansomphou, Case No. 06-C-300 (E.D. WI) (Stadmueller, J.P.). These orders are attached hereto as Exhibit "1."

known), Defendant knew, or should have known, that no *legal* copies of this motion picture were then publicly or legitimately available and that Defendant was distributing a pirated copy of the motion picture. (Id., ¶ 7.) The unauthorized distribution of a pirated copy of a motion picture prior to its release on DVD/ home video can cause even greater economic harm to the copyright owner because it tends to destroy the theatrical market as well as the subsequent DVD/ home video market for the motion picture. (Id., ¶ 8.) This knowing distribution of a pirated motion picture more than justifies an award of greater than minimum statutory damages.[2]

**2.    The Total Amount Of Damages Awarded To Plaintiff Should Not Depend On The "Accident" Of The Number Of Infringing Files Plaintiff Was Able To Download.**

Plaintiff is requesting total statutory damages in the amount of $6,000 because it believes that this total amount is reasonable and conservative given Defendant's conduct and the harm to Plaintiff. For technical reasons explained more fully below, it is likely that the motion picture that Plaintiff downloaded from Defendant is only a fraction of the copyrighted works that Defendant actually infringed. Defendant should not gain the benefit of a windfall because of the accident of how many separate works Defendant was caught infringing on a given day.

Plaintiff has conclusive evidence that Defendant illegally distributed, and offered to distribute to tens of thousands of others persons (if not more), the motion picture *Constantine*. (Complaint, Ex. A; Declaration of Elizabeth Hardwick ("Hardwick Decl."), ¶ 5.) This evidence was collected by MediaSentry, a company retained by Plaintiff to identify and gather evidence of

---

[2]    The fact that Defendant was distributing a pirated copyrighted work distinguishes this case from those generally filed by the member companies of the Recording Industry Association of America against persons illegally trading files on the Internet. In those cases, the songs sought to be protected were, unlike here, widely and publicly available through legitimate means (including free radio airplay) at the time of infringement, and thus, while the defendants were still infringers because of the unauthorized distribution, they were not distributing pirated copies of copyrighted material like Defendant here.

infringements of Plaintiff's copyrighted motion pictures on online media distribution systems, otherwise known as "peer-to-peer" ("P2P") networks. (Nguyen Decl., ¶ 3; Hardwick Decl., ¶ 4.) It is likely that the actual number of works that Defendant infringed is greater than one for the following reasons:

First, even where a user is offering numerous motion pictures for download it is technologically difficult for MediaSentry to download multiple files. Because motion picture files are large, transmission is time-consuming (typically at least two hours). (Hardwick Decl., ¶ 7.) Further, during this file transfer period, a user may go off-line (*i.e.*, turn off his or her computer or log out of the P2P application), or the connection permitting transmission of the infringing files from the user's computer to MediaSentry's computer may be otherwise disrupted. (<u>Id.</u>)

Second, Defendant's own "shared directory" (*i.e.*, the listing of files on Defendant's computer available for download by others) evidences that Defendant was distributing infringing motion pictures in addition to those set forth in the Complaint. (<u>Id.</u>, ¶ 6.) Specifically, Defendant's shared directory shows that Defendant was distributing as many as nine copyrighted motion pictures as to which Plaintiff and/or other members or affiliates of members of the Motion Picture Association of America hold the relevant exclusive distribution rights. (<u>Id.</u>, ¶ 5, 6.) It would seem unfair and somewhat arbitrary to distinguish between Defendant and another illegal file-sharer sharing this same number of copyrighted motion pictures from whom Plaintiff was able to download all the pictures, rather than only one.

**3.     Plaintiff Should Be Reasonably Compensated For Lost Profits.**

Although Plaintiff need not prove actual damages to be entitled to an award of statutory damages, lost profits may be considered in the calculation of statutory damages. <u>Los Angeles</u>

News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998); Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1117 (2d Cir. 1986).

There are approximately 9 million users on the various P2P networks at any given time. (Nguyen Decl., ¶ 10.) Nearly 4 million of these users employ broadband technology to connect to the Internet. (Id.) A study suggests that, at any given time, at least 5% (or 200,000) of these users are actively using these P2P networks to illegally download motion pictures. (Id.) Assuming an average download time of two hours, this means that 200,000 motion picture files are exchanged every two hours, and that 2.4 million files are exchanged per day. (Id.) A recent study by LEK Consulting estimates that Internet piracy cost MPAA members in excess of $2.3 billion in 2005. (Id.)

Each illegal download potentially impacts ticket, home video and/or DVD sales as well as motion picture rental revenues,[3] and, as a consequence, results in lost profits. (Id., ¶ 8.) However, Defendant has not simply downloaded Plaintiff's motion pictures, and thereby deprived Plaintiff of the sale of a few motion picture tickets, DVDs or motion picture rentals. Defendant's conduct has been exponentially more damaging to Plaintiff. By offering Plaintiff's copyrighted motion picture for download by tens of thousands or even millions of others, Defendant has potentially deprived Plaintiff of significant sales and profits it would have derived from its investment in the creation of motion pictures. (Id., ¶ 9.) In this light, the amount that Plaintiff seeks in statutory damages is reasonable and hardly excessive. Further, as several district courts have observed, it is important to place infringers on notice that "it costs less to

---

[3]    As noted above, Defendant has downloaded and offered for download one motion picture still in theatrical release at the time of infringement. Because each download of this motion picture may result in the loss of at least two sales – a ticket at the movie theater and a subsequent purchase of the DVD/ home video – Defendant's infringements have impacted both theatrical and DVD/ home video revenue streams. (Nguyen Decl., ¶ 8.)

obey the copyright laws than to violate them." See Broadcast Music v. R Bar of Manhattan, Inc.,
919 F.Supp. 656, 660 (S.D.N.Y. 1996) (quoting Rodgers v. Eighty Four Lumber Co., 623
F.Supp. 889, 892 (W.D. Pa. 1985)).

      **4.      The Total Amount Of Statutory Damages Sought Is Reasonably
Related To Plaintiff's Costs Of Protecting This Property From
Defendant's Illegal Activity.**

In addition to the legal fees directly attributable to this case (which fees are separately
sought herein), Plaintiff has incurred considerable costs in the protection of its property rights
against Defendant, and those like Defendant. (Nguyen Decl., ¶ 11.) To find the specific
individuals participating in this infringing conduct, including Defendant, and to obtain the
evidence necessary to proceed against them, Plaintiff retained – at considerable expense – anti-
piracy consultants MediaSentry to detect unauthorized distribution of digital copies of Plaintiff's
copyrighted motion pictures. (Id.) Once MediaSentry identifies infringers such as Defendant,
which identification initially includes only an Internet Protocol ("IP") address for the infringer,
Plaintiff's counsel must review this evidence themselves and prepare John Doe lawsuits to obtain
the discovery necessary to identify the names of the illegal file-sharers.[4] (Thorland Decl., ¶ 4, 5;
Nguyen Decl., ¶ 11.) As such, just to get in position to bring a lawsuit such as this one, Plaintiff
has to expend somewhere between $3,000 and $5,000. (Nguyen Decl., ¶ 11.) These
expenditures may be, and should be, considered in determining the total amount of statutory
damages awarded against this Defendant.

---

[4]      The IP address is a unique number assigned to each user by the internet service provider
("ISP") via which the user accesses the internet. (Hardwick Decl., ¶ 9.) MediaSentry can
identify the IP address and the ISP for the infringer. (Hardwick Decl., ¶ 5, 9.) The Plaintiff must
then start a "John Doe" suit in the jurisdiction in which the ISP is located, in order to serve
discovery on the ISP to determine the identity of the infringer. (Thorland Decl., ¶ 5.) Once the
infringer is identified, if the Defendant refuses to settle the matter, then the Plaintiff must start a

**5.     A Statutory Damages Award Of $6,000 Will Ensure That Downloading Motion Picture Files Costs No Less Than Downloading Music Files.**

Although it takes several hours to download a motion picture in full, a music file may be downloaded in a small fraction of that time. (Hardwick Decl., ¶ 7.)  For this reason, Plaintiff simply cannot download as much evidence of as many separate infringements from each defendant as can recording industry plaintiffs.  (Id.)  Specifically, the recording industry often litigates on the basis of infringements of ten individual songs (i.e., ten separate copyrighted works), and thus is generally awarded total statutory damages in an amount of $7,500 or greater.[5] (Nguyen Decl., ¶ 12.)  For the technological reasons stated above, Plaintiff can rarely download (i.e., secure conclusive evidence of) more than 1-3 infringing files offered by a given defendant. (Hardwick Decl., ¶ 7.)  Yet, the infringement is no less wrong with respect to motion pictures than to music, simply because the time and technical challenges needed to download a single motion picture are greater than the time needed to download ten songs.  It would be unfair and arbitrary to award damages in a smaller amount for an individual committing motion picture infringement than for an individual committing music infringement.

Indeed, it is exponentially more expensive to produce a motion picture than a single song. The average motion picture currently costs $100 million to bring to market.  (Nguyen Decl., ¶ 6.) In assessing statutory damages, courts routinely take into account the nature of the copyright. See Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) (noting that in

---

second lawsuit (e.g., the instant action), in the jurisdiction in which the infringer resides. (Thorland Decl., ¶ 9.)
[5]     See e.g., Maverick Recording Co., et al v. Alexander, Case No. 4:04-cv-04415 (S.D. Tex.) (Ellison, K.); Virgin Records America, Inc., et al. v. Cannon, Case No. CV05-1482 CBM (CWx) (C.D. Cal.) (Marshall, C.); Virgin Records America, Inc., et al. v. Rochester, Case No. 04-CV-9896 (RCC) (S.D.N.Y.) (Casey, R.); Motown Record Co. L.P., et al. v. Bey, Case No. 05C 1714 (E.D. Ill.) (Pallmeyer, R.).  These orders are attached hereto as Exhibit "2."

measuring damages, a court should be guided by what is just in the particular case, considering

the nature of the copyright and the circumstances of the infringement). Therefore, the extremely

costly investment that Plaintiff made in creating the copyrighted work infringed by Defendant

weighs in favor of a high statutory damages award, and certainly not one that is less than the

amount typically obtained in the very similar recording industry infringement actions. An award

of $6,000 is clearly reasonable and conservative under the circumstances of this case.

> **6.      A Hearing To Determine The Amount Of Statutory Damages Is
>            Neither Required Nor Necessary.**

Although Plaintiff is entitled under the Copyright Act to recover statutory damages of up

to $150,000 per infringement, in this case, they only seek to recover $6,000 per infringement.

Because these damages are easily ascertainable from the Complaint and the declarations and

exhibits submitted herewith, no evidentiary hearing is necessary. See, e.g., Ortiz-Gonzalez, 277

F.3d at 63-64 (no hearing necessary, even where greater than minimum amount of statutory

damages awarded); O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1405 (7th Cir. 1993)

(affirming default judgment for amount of damages sought in complaint where court did not hold

hearing on damages).

> **B.      This Court Should Issue An Order Permanently Enjoining Defendant
>            From Infringing Any Of Plaintiff's Copyrights.**

Plaintiff is entitled to an order permanently enjoining Defendant from infringing any of

Plaintiff's copyrights, now existing or later granted. "As a general rule, a permanent injunction

will be granted when liability has been established and there is a threat of continuing violations."

MAI Sys. Corp. v. Peak Computer, 991 F.2d 511, 520 (9th Cir. 1993).

Indeed, section 502(a) of the Copyright Act provides, in pertinent part, that any court

may "grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain

infringement of a copyright." 17 U.S.C § 502(a); see Pacific & S. Co., Inc. v. Duncan,

744 F.2d 1490, 1499, n. 17 (11th Cir. 1984).  Moreover, copyright infringement is presumed to

give rise to irreparable injury.  Micro Star v. Formgen, Inc., 154 F.3d 1107, 1109 (9th Cir. 1998);

A&M Records, Inc. v. Napster, Inc., 114 F.Supp.2d 896, 925 (N.D. Cal. 2001).  As such, Courts

have routinely granted the relief sought here – *i.e.,* a prohibition against infringing any of

Plaintiff's copyrights whether the works are now in existence or later created – in copyright

infringement actions.  See, e.g., Princeton University Press v. Michigan Document Serv., Inc., 99

F.3d 1381, 1392-93 (6th Cir. 1996) (holding the weight of authority supports the extension of

injunctive relief to future works); Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 395

(C.D. Cal. 2005) (holding that permanent injunction extended to existing and later created

works).

    The procedural posture of this case does not change the availability of injunctive relief as

injunctions are routinely issued pursuant to default judgments.  See, e.g., Sony Music Entm't,

Inc. v. Global Arts Prods., 45 F.Supp.2d 1345, 1347-48 (S.D. Fla. 1999) (entering permanent

injunction against copyright infringement on default judgment); Claremont Flock Corp. v. Alm,

281 F.3d 297 (1st Cir. 2002) (affirming award of default judgment and injunction).

    Because Defendant's liability for copyright infringement was established by the entry of

default, no further showing of irreparable harm by Defendant is necessary.  Warner Bros. Entm't

Inc., 346 F.Supp.2d at 1073.  As such, this Court should issue the requested permanent

injunction.

**C.**     **This Court Should Award Plaintiff Its Attorneys' Fees And Costs Of Suit.**

Courts routinely award attorneys' fees and costs on default judgment. See, e.g., Warner

Bros. v. Caridi, 346 F.Supp.2d 1068, 1074-75 (C.D. Cal. 2004); Arista Records, Inc. v. Beker

Enterprises, Inc., 298 F. Supp.2d 1310, 1315-16 (S.D. Fla. 2003).

Section 505 of the Copyright Act provides that the Court may, in its discretion, award full

costs to a prevailing party in a civil copyright action. Such costs may include reasonable

attorneys' fees. 17 U.S.C. § 505. Although attorneys' fees are awarded in the trial court's

discretion, they are the rule rather than the exception. Micromanipulator Co. v. Bough, 779 F.2d

255, 259 (5th Cir. 1985). In exercising this discretion, courts may be guided by the nonexclusive

factors articulated by the Third Circuit in Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d

Cir. 1986). Such factors include "frivolousness, motivation, objective unreasonableness (both in

the factual and in the legal components of the case) and the need to advance considerations of

compensation and deterrence." (Id.)

In this case, each of these considerations supports an award of attorneys' fees and costs.

There can be no justification for Defendant's action. Defendant has not and cannot advance any

justification that is neither frivolous nor objectively unreasonable. Further, while Plaintiff is an

admittedly successful company, even the largest company could not continue to enforce its rights

against the kind of Internet piracy indulged in by Defendant if it had to absorb the cost of suing

each individual infringer such as Defendant. Given the widespread infringement of Plaintiff's

copyrights, if defendants are not generally required to pay the prevailing plaintiffs attorneys' fees

and costs in this type of litigation, it would unfairly shift the burden of defendants' illegal actions

onto Plaintiff and impair Plaintiff's ability to enforce its rights and the purpose of the copyright

law will not be served.

Plaintiff seeks $4,427.24 in attorneys' fees and costs. As demonstrated by the billing statements submitted to the Court, the time expended was reasonable, and the rates requested are commensurate with those generally charged for similar work in this district. (Thorland Decl., ¶ 16.) The costs incurred by Plaintiff, and requested herein, were similarly reasonable, with the majority attributable to filing and service costs, and other costs incidental thereto. (Id.) For the foregoing reasons, Plaintiff requests that it be awarded its attorneys' fees and costs.

## III.    **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court enter a default judgment in favor of Plaintiff and against Defendant, for statutory damages in the total amount of $6,000, an injunction in the form sought in the Complaint, and attorneys' fees and costs of $4,427.24.

Respectfully submitted,

Dated:  8/29/07                              /s/

Christopher A. Mohr (D.C. Bar No. 458599)
Michael R. Klipper (D.C. Bar No. 166074)
MEYER, KLIPPER & MOHR, PLLC
923 Fifteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 637-0850
Fax: (202) 637-0851

*Attorney for Plaintiff*

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTWESTERN DIVISION



COLUMBIA PICTURES INDUSTRIES, INC.,
a Delaware corporation,

        Plaintiff,

vs.

KENNETH ATKINS,

        Defendant.

Case No. 3:05-cv-05045-SW-RED

## ~~[PROPOSED]~~ DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.     Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyright in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.     Defendant shall pay Plaintiff's costs of suit herein in the amount of Four Thousand Three Hundred Ninety Dollars and Seventy One Cents ($4,390.71).

3.     Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

• Spider-Man 2.

and in any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 7/15/05

By: _Richard E. Dorn_
Hon. Richard E. Dorn
United States District Judge



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PARAMOUNT PICTURES CORPORATION, a Delaware corporation,   Plaintiff,   vs.   FLOYD SWANSON,   Defendant.                    No.: 1:05-cv-06629

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.     Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.     Defendant shall pay Plaintiff's costs of suit herein in the amount of One Thousand Eight Hundred Fifty Two Dollars and Eighty Five cents ($1,852.85).

3.     Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

- *Coach Carter*; and

any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of

Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff.

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control.

*March 28, 2006*

DATED: _____ | By: Hon. Ronald Guzman United
States District Judge

Case 1:06-cv-00287-GK     Document 12     Filed 10/02/2007     Page 23 of 78

Case 1:05-cv-00491-REC-LJO     Document 17     Filed 04/05/2006     Page 1 of 2
Case 1:05-cv-00491-REC-LJO     Document 14     Filed 10/04/2005     Page 1 of 3

1  SAGASER, JONES & HAHESY
   TIMOTHY JONES
2  2445 Capitol Street
   Second Floor
3  Fresno, California 93721-1632
   Telephone:  559-233-4800
4  Facsimile:  559-233-9330
   E-Mail:     tjones@sjhattorneys.com
5
   LOEB & LOEB LLP
6  KAREN R. THORLAND (State Bar No. 172092)
   10100 Santa Monica Boulevard, Suite 2200
7  Los Angeles, California 90067-4164
   Telephone:  310-282-2000
8  Facsimile:  310-282-2200
   E-Mail:     kthorland@loeb.com
9
   Attorneys for Plaintiff
10 PARAMOUNT PICTURES

**FILED**

APR 5 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

11              UNITED STATES DISTRICT COURT

12             EASTERN DISTRICT OF CALIFORNIA

13                    FRESNO DIVISION

14 PARAMOUNT PICTURES              )  Case No. 1:05-cv-491-REC-LJO
   CORPORATION, a Delaware        )
15 corporation,                    )  [PROPOSED] DEFAULT JUDGMENT
                                   )  AND PERMANENT INJUNCTION
16            Plaintiff,           )
                                   )
17      vs.                        )
                                   )
18 CLAY HOGGARD,                   )
                                   )
19            Defendant.           )
                                   )
20

21        Based upon Plaintiff's Application For Default Judgment By The

22 Court, and good cause appearing therefor, it is hereby Ordered and Adjudged that:

23        1.    Defendant shall pay damages to Plaintiff for infringement of

24              Plaintiff's copyrights in the motion pictures listed on Exhibit A

25              to the Complaint, in the total principal sum of Six Thousand

26              Dollars ($6,000.00).

27

28

                                    1                    [PROPOSED] DEFAULT
                                                         JUDGMENT AND
Loeb & Loeb                                              PERMANENT
Limited Liability Partnership                            INJUNCTION
Including Professional
Corporations

2.     Defendant shall pay Plaintiff's costs of suit herein in the amount of Five Thousand One Hundred Ten Dollars and Fifty Cents ($5,110.50).

3.     Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion pictures:

- Without A Paddle

and in any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: _April 3, 06_       By: _____

Hon. Robert E. Coyle
United States District Judge

2       [PROPOSED] DEFAULT
JUDGMENT AND
PERMANENT
INJUNCTION

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DISNEY ENTERPRISES, INC., a Delaware
corporation,

                Plaintiff,

v.

MARIE ANTUNES,

                Defendant.

)
)
)
)
)
)
)
)
)
)

Case No. 3:05-cv-30250-MAP

MAP
5-17-06

## [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's costs of suit herein in the amount of Two Thousand Five Hundred Six Dollars and Twenty-one cents ($2,506.21).

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

-    *The Incredibles*; and

any other motion picture, whether now in existence or later

created, that is owned or controlled by Plaintiff (or any parent,

subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion

Pictures"), including without limitation by using the Internet or any

online media distribution system to reproduce (i.e., download)

any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff.

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control.

DATED: May 17, 2006

By: _Michael A. Ponsor_

Hon. Michael A. Ponsor
United States District Judge

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### BALTIMORE DIVISION

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 3 1 2006

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| DISNEY ENTERPRISES, INC., ) <br>    500 South Buena Vista Street, ) <br>    Burbank, CA 91521, ) <br> ) <br>                    Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> WAJAHAT SALEEM, ) <br>    4600 Wicomico Avenue, ) <br>    Beltsville, MD 20705, ) <br> ) <br>                   Defendant. ) <br> ) | CIVIL ACTION <br> Case No.: 8:05-cv-03352-PJM |

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's costs of suit herein in the amount of Three Thousand Eight Hundred Forty Dollars and Eighty-Seven Cents ($3,840.87).

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

   •    *The Incredibles*; and

any other motion picture, whether now in existence or later

created, that is owned or controlled by Plaintiff (or any parent,

subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion

Pictures"), including without limitation by using the Internet or any

online media distribution system to reproduce (i.e., download)

any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff.

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control.

DATED: 5/31/06

By _____
Hon. Peter J. Messitte
United States District Judge

2

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:06-CV-28-MU

| | | |
|---|---|---|
| DISNEY ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| MICHAEL CASENA, | ) | |
| | ) | |
| Defendant. | ) | |

---

**THIS MATTER** comes before the Court on Plaintiff's Motion for Entry of Default Judgment. It appearing that Defendant has been properly served and failed to respond, and that the relief requested by Plaintiff is reasonable and warranted, this motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that:

1) Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the total principal sum of Six Thousand Dollars ($6,000.00).

2) Defendant shall pay Plaintiff's costs of suit herein in the amount of Four Thousand Three Hundred Thirty-one Dollars and Eighty Cents ($4,331.80).

3) Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in Plaintiff's motion picture *The Incredibles*, and any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of

Plaintiff) (the "Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion      Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or                          control.

Signed: June 1, 2006

Graham C. Mullen
United States District Judge

**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUN - 1 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

COLUMBIA PICTURES INDUS. INC.,          )
                                        )
        Plaintiff,                      )
                                        )
VS.                                     )      Civil Action No. SA-06-CA-0133-XR
                                        )
ANGELIC WHITTING,                       )
                                        )
        Defendant.                      )

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based on the Court granting Plaintiff's Application for Default Judgment, it is hereby ORDERED and ADJUDGED that:

1.  Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion pictures listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.  Defendant shall pay Plaintiff's attorney's fees and costs of suit herein in the amount of One Thousand Eight Hundred Twenty-Seven Dollars and Ninety-Nine Cents ($1,827.99).

3.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

    •   *The Grudge*; and

    any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion Pictures"), including without limitation by using the Internet or

any online media distribution system to reproduce (i.e., download) any of Plaintiff's

Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to

make any of Plaintiff's Motion Pictures available for distribution to the public,

except pursuant to a lawful license or with the express authority of Plaintiff.

Defendant shall also destroy all copies of Plaintiff's Motion Pictures that Defendant

has downloaded onto any computer hard drive or server without Plaintiff's

authorization and shall destroy all copies of those downloaded recordings transferred

onto any physical medium or device in Defendant's possession, custody, or control.

SIGNED the 1st day of June, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

PARAMOUNT PICTURES CORPORATION, a
Delaware corporation,

        Plaintiff,

             vs.

LENDRIC BURNSIDE,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No.: 3:06-cv-50055

# F I L E D

JUN 0 9 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's attorneys' fees and costs of suit herein in the amount of Two Thousand Four Hundred Dollars and Ninety-Three Cents ($2,400.93).

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

- *Lemony Snicket's A Series of Unfortunate Events*; and

any other motion picture, whether now in existence or later

created, that is owned or controlled by Plaintiff (or any parent,

subsidiary, or affiliate of Plaintiff) ("Plaintiff's Motion

Pictures"), including without limitation by using the Internet or any

online media distribution system to reproduce (i.e., download)

any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff.

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control.

DATED: _6-7-2006_                    By: _____

                                     Hon. Philip G. Reinhard
                                     United States District Judge

2

Jonathan Zavin (JZ-1846)
Alexandra N. DeNeve (AD-2386)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-14-06
```

---

SONY PICTURES HOME ENTERTAINMENT
INC., a Delaware corporation,

        Plaintiff,

        -against-

CHEYENNE FAISON,

        Defendant.

---

Civil Action No.: 05-CV-9526-RCC

**DEFAULT
JUDGMENT AND PERMANENT
INJUNCTION**

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's costs of suit herein in the amount of Two Thousand Sixty-Four Dollars and Twenty-Six cents ($2,064.26).

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

- *Boogeyman*; and

any other motion picture, whether now in existence or later

created, that is owned or controlled by Plaintiff (or any parent,

subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion

Pictures"), including without limitation by using the Internet or any

online media distribution system to reproduce (i.e., download)

any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff.

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control. The Clerk of the Court is directed to close this case and remove it from the Court's active docket.

DATED: June 13, 2006          By: _____
                                   Hon. Richard C. Casey
                                   United States District Judge

2

GS

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation, ) ) ) | |
| Plaintiff, ) ) ) | No.: 1:06-cv-01563 |
| vs. ) ) | |
| JAE LEE, ) ) ) ) | |
| Defendant. ) | |

## [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's attorneys' fees and costs of suit herein in the amount of One Thousand Six Hundred Twenty-five Dollars and Three Cents ($1,625.03).

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

   •    *Constantine*; and

any other motion picture, whether now in existence or later

created, that is owned or controlled by Plaintiff (or any parent,

subsidiary, or affiliate of Plaintiff) ("Plaintiff's Motion

Pictures"), including without limitation by using the Internet or any

online media distribution system to reproduce (i.e., download)

any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff.

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control.

DATED: _6-28-06_

By: _____
Hon. Virginia M. Kendall
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation, | § | Case No.: 4:06-cv-00740 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| RANDALL DAVENPORT, | § | |
| | § | |
| Defendant. | § | |

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.   Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.   Defendant shall pay Plaintiff's attorneys' fees and costs of suit herein in the amount of Two Thousand Three Hundred and Fifty-two Dollars and Thirty-six Cents ($2,352.36).

3.   Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

   •   *Hide and Seek*; and

any other motion picture, whether now in existence or later

subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion

Pictures"), including without limitation by using the Internet or any

online media distribution system to reproduce (i.e., download)

any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control.

DATED: _June 30, 2006_

Hon. Nancy F. Atlas
United States District Judge

**FILED**

JUL 1 1 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No.: 06-CV-130 |
| KATHLEEN CUELLAR, | § § | |
| Defendant. | § § | |

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's attorneys' fees and costs of suit herein in the amount of One Thousand Seven Hundred Sixty-four Dollars and Fourteen Cents ($1,764.14).

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

•    *House of Wax*; and

any other motion picture, whether now in existence or later

created, that is owned or controlled by Plaintiff (or any parent,

subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion

Pictures"), including without limitation by using the Internet or any

online media distribution system to reproduce (i.e., download)

any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of

Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion

Pictures available for distribution to the public, except pursuant to

a lawful license or with the express authority of Plaintiff.

Defendant also shall destroy all copies of Plaintiff's Motion

Pictures that Defendant has downloaded onto any computer hard

drive or server without Plaintiff's authorization and shall destroy

all copies of those downloaded recordings transferred onto any

physical medium or device in Defendant's possession, custody, or

control.

DATED: _07/10/06_                   By: _Royal Furgeson_
                                    Hon. W. Royal Furgeson, Jr.
                                    United States District Judge

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

**FILED**

JUL 1 1 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

DEPUTY CLERK

TWENTIETH CENTURY FOX FILM § 
CORPORATION, a Delaware §
corporation, §
§
Plaintiff, §     Case No.: 5:06-cv-00134-FB
§
vs. §
§
MARY BRISENO, §
§
Defendant. §

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good

cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's

       copyrights in the motion picture listed on Exhibit A to the Complaint, in

       the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's attorneys' fees and costs of suit herein in

       the amount of Two Thousand One Hundred Eighty-four Dollars and Four

       Cents ($2,184.04).

3.    Defendant shall be and hereby is enjoined from directly or indirectly

       infringing Plaintiff's rights under federal or state law in the following

       copyrighted motion picture:

       •    *Robots*; and

any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

It is so ORDERED.

SIGNED this _____ day of July, 2006.


FRED BIERY
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WARNER BROS. ENTERTAINMENT
INC., a Delaware corporation,

        Plaintiff,

vs.

CARMITA CASTANO,

        Defendant.

Case No.: H-05-3602

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is Ordered that:

1.     Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000).

2.     Defendant shall pay Plaintiff's attorneys' fees in the amount of Two Thousand Nine Hundred Ninety Dollars and Eighteen Cents ($2,990.18) and costs of suit costs of suit herein in the amount of Eight Hundred Thirty Dollars and Eight Cents ($830.08), for a total amount of Three Thousand Eight

1

Hundred Twenty Dollars and Twenty-Six Cents
($3,820.26).

3.    Defendant shall be and hereby is enjoined from
directly or indirectly infringing Plaintiff's rights
under federal or state law in the following
copyrighted motion picture:

- *A Cinderella Story;* and

and in any other motion picture, whether now in
existence or later created, that is owned or
controlled by Plaintiff (or any parent, subsidiary, or
affiliate of Plaintiff) (the "Plaintiff's Motion
Pictures"), including without limitation by using the
Internet or any online media distribution system to
reproduce (i.e., download) any of Plaintiff's Motion
Pictures, to distribute (i.e., upload) any of Plaintiff's
Motion Pictures, or to make any of Plaintiff's
Motion Pictures available for distribution to the
public, except pursuant to a lawful license or with
the express authority of Plaintiff.  Defendant also
shall destroy all copies of Plaintiff's Motion
Pictures that Defendant has downloaded onto any
computer hard drive or server without Plaintiff's
authorization and shall destroy all copies of those
downloaded recordings transferred onto any

2

physical medium or device in Defendant's

possession, custody, or control.

DATED: JULY 24, 2006          By: _____
                                   Hon. Vanessa D. Gilmore
                                   United States District Judge

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

COLUMBIA PICTURES FILM PRODUCTION ASIA LIMITED,
a Hong Kong corporation,
10202 West Washington Boulevard
Culver City, California  90232                    Case No.  06-C-300

       Plaintiff,

v.

SOURISACK CHANSOMPHOU,
1306 S. 17
Milwaukee, Wisconsin  53204

       Defendant.

---

### DEFAULT JUDGMENT AND PERMANENT INJUNCTION

---

    Based upon Plaintiff's Application For Default Judgment By The Court, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiff for infringement of Plaintiff's copyrights in the motion picture listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

2.    Defendant shall pay Plaintiff's attorneys' fees and costs of suit herein in the amount of Two Thousand Two Hundred Seventy Dollars and Sixty-Nine Cents ($2,270.69).

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the following copyrighted motion picture:

    !    *Kung Fu Hustle*; and any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) (the "Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or

to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Dated at Milwaukee, Wisconsin this  24th  day of July, 2006.

BY THE COURT:


 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge


Judgment entered this  24th  day of July, 2006.

SOFRON B. NEDILSKY
Clerk of Court

BY:

s/ Patricia K. Blackburn
Deputy Clerk

**Exhibit 2**

United States Courts
Southern District of Texas
ENTERED

MAY 1 6 2005

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAVERICK RECORDING
COMPANY, a California joint venture;
ATLANTIC RECORDING
CORPORATION, a Delaware
corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; BMG MUSIC, a New York
general partnership; VIRGIN RECORDS
AMERICA, INC., a California
corporation; UMG RECORDINGS,
INC., a Delaware corporation; ARISTA
RECORDS LLC, a Delaware limited
liability company; and WARNER BROS.
RECORDS INC., a Delaware
corporation,

        Plaintiffs,

vs.

TRAVIS ALEXANDER,

        Defendant.

Case No.: 4:04-cv-04415

## [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good

cause appearing therefor, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs'

copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum

of Twelve Thousand Dollars ($12,000.00).

2.    Defendant shall pay Plaintiffs' costs of suit herein in the amount of Two

Hundred and Ten Dollars ($210.00).

Exhibit 1

3.    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "I Can't Wait," on album "Poolside," by artist "Nu Shooz" (SR# 71-124);
- "I Don't Ever Want to See You Again," on album "Uncle Sam," by artist "Uncle Sam" (SR# 252-008);
- "Goodbye to You," on album "The Spirit Room," by artist "Michelle Branch" (SR# 303-732);
- "No Ordinary Love," on album "Love Deluxe," by artist "Sade" (SR# 183-731);
- "A Woman's Worth," on album "Songs in A Minor," by artist "Alicia Keys" (SR# 299-410);
- "Goodbye," on album "Forever," by artist "Spice Girls" (SR# 289-357);
- "I'm So Into You," on album "It's About Time," by artist "SWV" (SR# 146-905);
- "Candy Girl," on album "Phenomenon," by artist "LL Cool J" (SR# 243-497);
- "Mama," on album "Spice," by artist "Spice Girls" (SR# 201-276);
- "Slippin'," on album "Flesh of My Flesh, Blood Of My Blood," by artist "DMX" (SR# 188-987);
- "Spice Up Your Life," on album "Spiceworld," by artist "Spice Girls" (SR# 261-523);
- "Complicated," on album "Let Go," by artist "Avril Lavigne" (SR# 312-786);

2

- "Under the Bridge," on album "Blood Sugar Sex Magik," by artist "Red Hot Chili Peppers" (SR# 135-276);

- "Rain," on album "Release Some Tension," by artist "SWV" (SR# 249-300);

- "Around The Way Girl," on album "Mama Said Knock You Out," by artist "LL Cool J" (SR# 123-555);

- "In The Air Tonight," on album "Face Value," by artist "Phil Collins" (SR# 24-682);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 16 May 2005

By: _____
Hon. Keith P. Ellison
United States District Judge

3



Priority ✓
Send ✓
Enter
Closed ✓
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JUN 3 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and PRIORITY RECORDS LLC, a California limited liability company, | Case No.: CV05-1482 CBM (CWx) |
| | The Honorable Consuelo B. Marshall |
| | [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION |
| Plaintiffs, | |
| v. | |
| STEVEN CANNON, | |
| Defendant. | |

DOCKETED ON CM

JAN 6 2005

BY            012

LODGED

Shook,
Hardy &
Bacon L.L.P.

26726v1

1

1    Based upon Plaintiffs' Application For Default Judgment By The Court, and

2    good cause appearing therefor, it is hereby Ordered and Adjudged that:

3

4    1.    Defendant shall pay damages to Plaintiffs for infringement of

5    Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint,

6    in the total principal sum of Seven Thousand and Five Hundred Dollars

7    ($7,500.00).

8

9    2.    Defendant shall pay Plaintiffs' costs of suit herein in the amount of

10   Three Hundred Dollars ($300.00).

11

12   3.    Defendant shall be and hereby is enjoined from directly or indirectly

13   infringing Plaintiffs' rights under federal or state law in the following copyrighted

14   sound recordings:

15

16   •    "Back To Life," on album "Keep On Movin," by artist "Soul II

17   Soul" (SR# 105-226);

18   •    "Atomic Dog," on album "Computer Games," by artist "George

19   Clinton" (SR# 43-549);

20   •    "Can U Help Me," on album "8701," by artist "Usher" (SR#

21   307-207);

22   •    "Have Yourself A Merry Little Christmas," on album

23   "Miracles," by artist "Kenny G" (SR# 206-848);

24   •    "Waiting For A Girl Like You," on album "Foreigner 4," by

25   artist "Foreigner" (SR# 27-769);

26   •    "Burn Rubber (Why You Wanna Hurt Me?)," on album "The

27   12-Inch Collection," by artist "Gap Band" (SR# 70-785);

28

2

Shook,
Hardy &
Bacon L.L.P.
2672691

- "Beauty and the Beast," on album "Celine Dion," by artist "Celine Dion" (SR# 144-117);

- "In The Air Tonight," on album "Face Value," by artist "Phil Collins" (SR# 24-682);

- "Go Away," on album "Tha Last Meal," by artist "Snoop Dogg" (SR# 317-638);

- "The Sweetest Taboo," on album "Promise," by artist "Sade" (SR# 71-848);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), ~~including without limitation~~ by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 6/3/05

By: _____
The Honorable Consuelo B. Marshall
United States District Judge

3

## PROOF OF SERVICE VIA U.S. MAIL

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is 33 Bush Street, Suite 600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

on the interested parties named herein and in the manner indicated below:

Steve Cannon
213 West 94th Street
Los Angeles, CA 90003

**X**    FIRST CLASS U.S. MAIL: I placed a true and correct copy of said document(s) in a sealed envelope addressed as indicated above and caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid. I am readily familiar with my business' practice of collection

_____    FACSIMILE: I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

_____    HAND DELIVERY: By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

_____    BY EXPRESS MAIL NEXT DAY DELIVERY, AN OVERNIGHT DELIVERY SERVICE: By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the UNITED PARCEL SERVICE Air Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 20, 2005, at Irvine, California

_Kim H. Brunton_
Kim H. Brunton

PROOF OF SERVICE RE:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGIN RECORDS AMERICA, INC., a
California corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; UMG RECORDINGS,
INC., a Delaware corporation; ARISTA
RECORDS LLC, a Delaware limited liability
company; and BMG MUSIC, a New York general
partnership,

:    Civil Action No.: 04-CV-9896 (RCC)

:    Filed Electronically

                    Plaintiffs,

        -against-

LEONARD ROCHESTER,

                    Defendant.

----------------------------------------------------x

## [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefor, it is hereby Ordered and Adjudged that:

1.    Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Seven Thousand and Five Hundred Dollars ($7,500.00).

2.    Defendant shall pay Plaintiffs' costs of suit herein in the amount of Two Hundred and Fifteen Dollars ($215.00).

1

3.      Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Back To Life," on album "Keep On Movin," by artist "Soul II Soul" (SR# 105-226);

- "Hate Me Now," on album "I Am," by artist "Nas" (SR# 175-149);

- "We Are Family," on album "We Are Family," by artist "Sister Sledge" (SR# 6-182);

- "Stranger In My House," on album "A Nu Day," by artist "Tamia" (SR# 293-084);

- "Girls Dem Sugar," on album "Art And Life," by artist "Beenie Man" (SR# 284-383);

- "Sexual Healing," on album "Midnight Love," by artist "Marvin Gaye" (SR# 41-568);

- "Everything," on album "Share My World," by artist "Mary J. Blige" (SR# 238-818);

- "Wifey," on album "Welcome II Nextasy," by artist "Next" (SR# 284-980);

- "Shake You Down," on album "Shake You Down," by artist "Gregory Abbott" (SR# 71-785);

- "This Is For the Lover in You," on album "Three For Love," by artist "Shalamar" (SR# 28-517);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e.,

upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: April 11, 2005

By: _____
Hon. Richard Conway Casey
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTOWN RECORD COMPANY, L.P., et al.,  )   CIVIL ACTION No. 05C 1714
                                       )
              Plaintiffs,              )   Hon. Rebecca R. Pallmeyer
                                       )
    v.                                 )
                                       )
ROSALIND KIRKMAN BEY                   )
                                       )
              Defendant.               )

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing, it is hereby Ordered and Adjudged that:

1.    Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the ten sound recordings listed in Exhibit A to the Complaint. Accordingly, having been adjudged to be in default, Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Seven Thousand Five Hundred Dollars ($7,500.00).

1

2.    Defendant shall pay Plaintiffs' costs of suit herein in the amount of Two

Hundred Fifty Dollars ($250.00).

3.    Defendant shall be and hereby is enjoined from directly or indirectly

infringing Plaintiffs' rights under federal or state law in the following copyrighted sound

recordings:

"I Get Lonely," on album "The Velvet Rope," by artist "Janet

Jackson" (SR# 261-516);

"Mr. Man," on album "Songs in A Minor," by artist "Alicia Keys"

(SR# 299-410);

"Missing You," on album "Share My World," by artist "Mary J.

Blige" (SR# 238-818);

"What These Bitches Want," on album "...And Then There Was

X," by artist "DMX" (SR# 279-017);

"Stranger In My House," on album "A Nu Day," by artist "Tamia"

(SR# 293-084);

"Smooth Criminal," on album "Bad," by artist "Michael Jackson"

(SR# 84-256);

"My First Love," on album "My Thoughts," by artist "Avant"

(SR# 281-220);

"U Got It Bad," on album "8701," by artist "Usher" (SR# 307-

207);

"It's So Hard to Say Goodbye to Yesterday," on album

"Cooleyhighharmony," by artist "Boyz II Men" (SR# 212-333);

"There You Go," on album "Can't Take Me Home," by artist

"Pink" (SR# 279-958);

and in any other sound recording, whether now in existence or later created, that is owned or

controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)

("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media

distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e.,

upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for

distribution to the public, except pursuant to a lawful license or with the express authority of

Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has

downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall

destroy all copies of those downloaded recordings transferred onto any physical medium or

device in Defendant's possession, custody, or control.

DATED: _June 9, 2005_                    By: _Rebecca Palmeyer_
                                              Hon. Rebecca R. Palmeyer
                                              United States District Judge

Presented by:

Charles B. Sklarsky
C. Steven Tomashefsky
Darren J. Schmidt
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
Counsel for Plaintiffs

3